# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### CHICAGO DIVISIC

08CV4150
JUDGE COAR
MAG. JUDGE SCHENKIER

**RESIDENCES AT OCEAN GRANDE, INC.,**

　　　　　　**Plaintiff,**

　　v.

**ALLIANZ GLOBAL RISKS US INSURANCE
COMPANY f/k/a ALLIANZ INSURANCE
COMPANY,**

　　　　　　**Defendant.**

\* Case No: 07-22656
\* CIV- LENARD/TORRES
\* (Pending in the United States
\* District Court, Southern District of
\* Florida, Miami Division)
\*
\*
\*
\*
\*
\*

*FILED*

J.N

JUL 2 2 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MOTION TO QUASH SUBPOENA

American International Specialty Lines Insurance Company ("AISLIC"), a non party to

the above-captioned litigation pending in the United States District Court, Southern District of

Florida, Miami Division, brings this Motion To Quash Subpoena pursuant to Rule 45 of the

Federal Rules Civil Procedure with respect to the subpoena issued by Robert W. Fisher of

Robbins, Kaplan, Miller & Ciresi, L.L.P. on behalf of Allianz Global Risks US Insurance

Company ("Allianz").

### Factual Background

On or about July 1, 2008, Allianz served its subpoena on AISLIC commanding an officer

or director of AISLIC to appear for a deposition on August 5, 2008 at Barnes & Thornburg,

L.L.P. in Chicago, Illinois.  The subpoena also commands AISLIC to produce and permit the

inspection and copying of documents on the same date and at the same location as the

deposition.  The Allianz subpoena is attached hereto as Exhibit 1.

### The Court Must Quash Or Modify The Allianz Subpoena

Rule 45 of the Federal Rules of Civil Procedure requires that the issuing court must quash or modify a subpoena that requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person or requires disclosure of privileged or other protected matter or subjects a person to undue burden. Fed. R. Civ. P. 45 (3) (A) (ii) (iii) (iv)

AIG Domestic Claims, Inc. ("AIGDC") is the authorized claims handling agent for AISLIC with respect to the subject matter of the Allianz subpoena. AIGDC is located at 101 Hudson Street, Jersey City, New Jersey, 07302. Glenn Serrano, an Assistant Vice President of AIGDC, is the officer who is the most knowledgeable and qualified to address the matters on which examination is requested in the Allianz subpoena. Mr. Serrano regularly transacts business at the AIGDC New Jersey office and resides more than 100 miles from Chicago, Illinois, the location where the Allianz subpoena commands the deposition be taken. Moreover, the Allianz subpoena subjects Mr. Serrano and AIGDC to undue burden and expense by requiring that the deposition take place in Chicago, Illinois. In addition, the subject matters on which examination is requested are so overbroad that they encompass the disclosure of privileged or other protected matter.

### The Allianz Subpoena Does Not List Documents To Be Produced

Although the Allianz subpoena represents that the documents to be produced are listed in Exhibit "A" to the subpoena, Exhibit A contains no such list. Exhibit A merely sets forth the subject matters on which deposition examination is requested.

## CONCLUSION

In light of the forgoing facts and authorities, AISLIC respectfully requests that the Court

quash the Allianz subpoena pursuant to the mandates of Rule 45 of the Federal Rules of Civil

Procedure.

Respectfully submitted,

Jackson & Campbell, P.C.

Donald J. DeSisto
1120 20th Street, NW
South Tower
Washington, DC  20036
(202) 457-1675 - Phone
(202) 457-1678 - Fax
*Attorneys for American International
Specialty Lines Insurance Company*

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of American International Specialty Lines Insurance

Company's Motion to Quash Subpoena was served by First-Class mail, this 15TH day of July,

2008 upon the following:


Robert W. Fisher
Candace V. Blain
Robbins, Kaplan, Miller & Ciresei, L.L.P.
26001 Atlanta Plaza
95 East Paces Ferry Road NE
Atlanta, Georgia  30326-1386
(404) 760-4300 – Phone
(404) 233-1267 - Fax
*Attorneys for Allianz Global Risks US Insurance Company*


Michael I. Childress
John S. Sawin
Victor Jacobellis
Childress, Duffy, Goldblatt
515 N. State Street, Suite 2200
Chicago, Illinois  60610
(312) 494-0200 – Phone
(312) 494-0202 - Fax
*Attorneys for Residences at Ocean Grande, Inc.*


Jackson & Campbell, P.C.

Donald J. DeSisto
1120 20th Street, NW
South Tower
Washington, DC  20036
(202) 457-1675 - Phone
(202) 457-1678 - Fax
*Attorneys for American International
Specialty Lines Insurance Company*

- 4 -

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by th

**UNITED STATES DIST**

NORTHERN   DISTRICT OF

CHICAGO DIVISI

08CV4150
JUDGE COAR
MAG. JUDGE SCHENKIER

RESIDENCES AT OCEAN GRANDE, INC.,

Plaintiff,

v.

ALLIANZ GLOBAL RISKS US INSURANCE
COMPANY f/k/a ALLIANZ INSURANCE COMPANY,

Defendant.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  07-22656
                    CIV - LENARD/TORRES
(Pending in the United States District Court,
Southern District of Florida, Miami Division)

TO:   American International Specialty Lines Insurance Company
       c/o Any officer or Director
       300 South Riverside Plaza, Suite 2100
       Chicago, IL  60606-6613

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
     testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
     in the above case.

| PLACE OF DEPOSITION<br>**Barnes & Thornburg LLP**<br>**One North Wacker Drive, Suite 4400**<br>**Chicago, IL  60606-2833** | DATE AND TIME<br>**August 5, 2008**<br>**9:00 a.m.** |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
     place, date, and time specified below (list documents or objects):
       **See Exhibit "A", attached.**

| PLACE<br>**Barnes & Thornburg LLP**<br>**One North Wacker Drive, Suite 4400**<br>**Chicago, IL  60606-2833** | DATE AND TIME<br>**August 5, 2008**<br>**9:00 a.m.** |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or
managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on
which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>_(signature)_      , Counsel for Defendant | DATE<br>June 27, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert W. Fisher, Esq., Robins, Kaplan, Miller & Ciresi L.L.P., 2600 One Atlanta Plaza, 950 East Paces
Ferry Rd., N.E., Atlanta, GA 30326-1119, (404) 760-4300
                    (See Rule 45, Federal Rules of Civil Procedure Parts C & D on reverse)

[1]  If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT**
**1**

AO 88 (Rev. 11/91) (Subpoena in a Civil Case)

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

### (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)    (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B)( iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B) if a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

### (d) DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, **(American International Specialty lines Insurance Company)** shall produce "one or more officers, directors or managing agents, or other persons who have knowledge of the matters on which the examination was requested, and who consent to testify on its behalf. The person so produced shall testify as to matters known or reasonably available to the organization." (Emphasis supplied). The deposition will be taken upon oral examination before a court reporter, notary public, or other person authorized by law to administer oaths, and may be recorded both stenographically and on video tape. The deposition will be conducted in accordance with and for all purposes allowed by the Federal Rules of Civil Procedure.

## DEFINITIONS

The term "AISLIC" shall mean **American International Specialty Lines Insurance Company**, and its predecessors, successors, parents, subsidiaries, divisions, affiliates, or anyone purporting to act on its behalf, including any of its respective officers, directors, employees, partners, brokers, agents, advisors, accountants, or other representatives.

The terms "Plaintiff" and/or "ROG" shall mean Residences at Ocean Grande, Inc., and its predecessors, successors, parents, subsidiaries, divisions, affiliates, or anyone purporting to act on its behalf, including any of its respective officers, directors, employees, partners, brokers, agents, advisors, accountants, or other representatives.

"Trump Palace project" shall refer to the construction of a 50-story resort condominium tower by or on behalf of ROG at 18101 Collins Avenue, Sunny Isles Beach, Florida 33160.

The term "AISLIC Policy" shall mean the Contractor's Pollution Liability Policy issued by AISLIC to ROG, with a policy period of January 31, 2003 to January 31, 2006, policy No. CPL 1951726.

**Matters on which examination is requested of AISLIC:**

- The substance of, facts underlying, and events surrounding the lawsuit filed by AISLIC on or around June 19, 2006 in the U.S. District Court for the Southern District of Florida, styled *American International Specialty Lines Insurance Company v. Residences at Ocean Grande, Inc. and Coscan Construction, LLC*, Civil Action No. 06-21548-CIV-HOEVELER.

- The AISLIC Policy.

AO 88 (Rev. 11/91) (Subpoena in a Civil Case)

- ROG's claims under the AISLIC Policy for alleged damages in the Trump Palace project; AISLIC's responses and bases therefor.

- AISLIC's investigation into and factual findings with respect to ROG's claims under the AISLIC Policy.

- AISLIC's knowledge regarding the discovery and remediation of mold/mildew in the Trump Palace project.

- The factual bases of ROG's arbitration claim against Coscan for alleged damages due to mold loss issues in the Trump Palace project.

- AISLIC's investigation into and findings with regard to deficiencies in drywall used in the Trump Palace project.

AT 30205791.1